NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SAMUEL GORDON EL, BY HIS NEXT FRIEND, HIS FATHER, SAMUEL GORDON EL, PETITIONER, v. NEWARK STAR-LEDGER, ALSO KNOWN AS NEWARK MORNING LEDGER CO., AND LIBERTY MUTUAL INSURANCE COMPANY, RESPONDENTS.

Decided October 9, 1941.

For the petitioner, *Fox & Krieger* (by *Harry Krieger*).

For the respondent Newark Star-Ledger, *Osborne, Cornish & Scheck* (by *Harry V. Osborne, Jr.*).

For the respondent Liberty Mutual Insurance Company, *John W. Taylor*.

\*      \*      \*      \*      \*      \*      \*

The petitioner, Samuel Gordon El, who is thirteen years of age, testified that he had been employed by the Newark Star-Ledger some two weeks prior to the alleged occurrence of November 7th, 1940, as a route man, it being his job to deliver to various subscribers the newspapers published by the respondent Newark Star-Ledger. In addition to delivering papers, the petitioner also collected 18 cents weekly from each customer, the cost of the papers, and in some instances an additional 2 cents per week, the premium on an accident insurance policy purchased by some of his customers through

the respondent. The first day or two that he performed this work, he was accompanied by a Mr. Mendelsohn, who he described as his "boss." Mr. Mendelsohn showed him the various places to which the papers were to be delivered and the method to be followed in delivering the papers. The petitioner stated that no agreement was made at the time he began this work with respect to remuneration but that for the two weeks prior to the alleged occurrence he was paid $4 a week by Mr. Mendelsohn, which money he accepted. In addition to delivering papers, he was expected to obtain new subscribers to the newspaper and he received a certain sum for each subscriber obtained. The petitioner obtained some five or six new subscribers during the period of time that he worked. On the day in question, viz., November 7th, 1940, the petitioner went to the respondent company's distributing point at 20-22 Parkhurst Street, Newark, and obtained his papers for delivery. At that time he said he was given an extra paper by Mr. Mendelsohn who instructed him to deliver it to a Mrs. Todd at 109 Orchard Street, Newark. He was unsuccessful in his attempt to deliver this paper and said that he brought it back to Mr. Mendelsohn and was then instructed "to take it around the corner on Parkhurst Street and leave it." The petitioner was unable to furnish us with the name or address of the person to whom this paper was to be delivered. He stated that while he was on his way to make this delivery that the accident occurred. It was while he was walking along Thomas Street out in the highway alongside of another boy, Elco Weaver, who was riding on a bicycle, that an automobile operated by a Mr. McFadden struck Weaver's bicycle, which in turn struck the petitioner, causing him to suffer injury.

At the conclusion of the petitioner's testimony, he being the only witness offered in his behalf, motion was made by John W. Taylor, attorney for the Liberty Mutual Insurance Company, the insurance carrier for the respondent Newark Star-Ledger for a dismissal of the petition on the ground that the petitioner had failed to prove a *prima facie* case of employment by the respondent Newark Star-Ledger, at the time and place of the alleged occurrence, contending that the

petitioner was excluded from the benefits of the Workmen's Compensation Act by reason of *R. S.* 34:15-36; *N. J. S. A.* 34:15-36, wherein it is provided that a person engaged in the vending, selling or offering for sale or delivery directly to the general public newspapers, &c., shall not be considered an employee within the provisions of the Workmen's Compensation Act. Motion was also made by Harry V. Osborne on behalf of the Newark Star-Ledger for a dismissal of the petition in so far as it claimed compensation benefits in double the amount payable under *R. S.* 34:15-12; *N. J. S. A.* 34:15-12 by reason of the allegation that the petitioner was employed in violation of *R. S.* 34:15-10; *N. J. S. A.* 34:15-10.

Having carefully considered the testimony and the arguments of counsel, I have come to the conclusion that the petitioner failed to prove a *prima facie* case of employment, by the Star-Ledger at the time of the alleged occurrence, within the terms and provisions of the Workmen's Compensation Act. His employment, if any, is excluded from the provisions of the Workmen's Compensation Act by reason of the fact that he was engaged in vending, selling or offering for sale or delivery directly to the general public of newspapers. I am further of the opinion that the petition should be dismissed in so far as it claims double compensation benefits by reason of the fact that the petitioner was not engaged in violation of the Labor Law of this state. It is therefore,

Ordered that the petition be and hereby is dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*